IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| EL NACIONAL DE OKLAHOMA, INC., §<br>    *Plaintiff,* §<br> §<br>vs. §<br> §<br>TRAVELERS CASUALTY INSURANCE §<br>COMPANY OF AMERICA, §<br>    *Defendant.* § | CAUSE NO. CJ-2014-3063<br><br>FILED IN DISTRICT COURT<br>OKLAHOMA COUNTY<br><br>MAY 28 2014<br><br>TIM RHODES<br>COURT CLERK<br>50_____ |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW El Nacional De Oklahoma, Inc. (hereinafter "Plaintiff"), and complains of Travelers Casualty Insurance Company of America (hereinafter "Travelers"). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.  Plaintiff intends for discovery to be conducted pursuant to Oklahoma Statutes Annotated, Title 12, §3226-3237.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction to hear Plaintiff's claims under Oklahoma common law and Oklahoma statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Oklahoma City, in Oklahoma County, Oklahoma.

### PARTIES

3.  Plaintiff is a corporation whose property is located in Oklahoma County, Oklahoma.

EXHIBIT 3

4.      Travelers Casualty Insurance Company of America is a company engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the present case. Travelers may be served with Citation and a copy of this Petition, by serving it through its Registered Agent and/or Attorney, Mr. Darrell W. Downs, Taylor, Burrage, Foster, Mallett, Downs, Ramsey & Russell, P.C., 400 West Fourth Street, Claremore, Oklahoma, 74017, or wherever it may be found.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 304 SW 25th St., Oklahoma City, OK 73109, (the "Property"). In addition to seeking economic and penalty based damages from Travelers, Plaintiff also seeks compensation from Travelers for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a commercial insurance policy from Travelers to cover the Property at issue in this case for a loss due to storm-related events. Plaintiff's Property suffered storm-related damage. Through its commercial policy, I-680-4B404861-ACJ-13, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around May 31, 2013, the Property suffered incredible damage due to storm related conditions.

9.      In the aftermath, Plaintiff relied on Travelers to help begin the rebuilding process. By and through its residential policy, Plaintiff was objectively insured for the subject losses in this matter.

EXHIBIT 3

10. Pursuant to its obligation as a policyholder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion. Moreover, its commercial policy covered Plaintiff during the time period in question.

11. Despite Plaintiff's efforts, Travelers continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12. Moreover, Travelers has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13. In the months following, Plaintiff provided information to Travelers, as well as provided opportunities for Travelers to inspect the Property. However, Travelers failed to conduct a fair investigation into the damage to the Property. Moreover, Travelers failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14. Despite Travelers's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Travelers. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Travelers failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiff has not received proper payment for its claim, even though notification was provided.

15. Travelers has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Travelers has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made.

EXHIBIT 3

Travelers did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16. Travelers has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Travelers in a timely manner.

17. Travelers has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Travelers that failed to conduct a reasonable investigation. Ultimately, Travelers performed a results-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18. Travelers has failed to meet its obligations under the Oklahoma Administrative Code 365:15-3-5 regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19. As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Travelers. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20. In addition, Travelers has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under Oklahoma common law, the Oklahoma Consumer Protection Act ("OCPA"), the Oklahoma Insurance Code and the Oklahoma Administrative Code.

## CONDITIONS PRECEDENT

21. All conditions precedent to recovery by Plaintiff has been met or has occurred.

EXHIBIT 3

## AGENCY

22. All acts by Travelers were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Travelers and/or were completed in its normal and routine course and scope of employment with Travelers.

## CLAIMS AGAINST DEFENDANT

23. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

24. Travelers had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property. Travelers breached this duty in a number of ways, including but not limited to the following:

   a. Travelers was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

   b. Travelers had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

   c. Travelers failed to properly complete all adjusting activities associated with Plaintiff.

25. Travelers' acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## BREACH OF CONTRACT

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

EXHIBIT 3

27. According to the policy that Plaintiff purchased, Travelers had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28. As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29. Despite objective evidence of such damages, Travelers has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## VIOLATIONS OF THE OKLAHOMA CONSUMER PROTECTION ACT

30. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31. Travelers' collective actions constitute violations of the OCPA, including but not limited to, Sections 753 and 761.1(c). Travelers collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

   a. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   b. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

   c. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

   d. Using or employing an act or practice in violation of the Oklahoma Insurance Code;

EXHIBIT 3

  e. Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

  f. Failure to properly investigate Plaintiff's claim; and/or

  g. Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Travelers in low-balling and/or denying Plaintiff's damage claim.

32. As described in this Original Petition, Travelers represented to Plaintiff that its insurance policy and Travelers' adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Sections 753 and 761.1(c) of the OCPA.

33. As described in this Original Petition, Travelers represented to Plaintiff that its insurance policy and Travelers' adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Sections 753 and 761.1(c) of the OCPA.

34. By representing that Travelers would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Travelers has violated Sections 753 and 761.1(c) of the OCPA.

35. Travelers has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies. This breach entitles Plaintiff to recover under Sections 753 and 761.1(c) of the OCPA.

36. Travelers' actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Travelers' unconscionable conduct gives Plaintiff the right to relief under Section 761.1(c) of the OCPA.

EXHIBIT 3

37. Travelers' conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 753 of the OCPA and Title 36 of the Oklahoma Insurance Code.

38. Plaintiff is a consumer, as defined under the OCPA, and relied upon these false, misleading, or deceptive acts or practices made by Travelers to its detriment. As a direct and proximate result of Travelers' collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Travelers are a producing cause of Plaintiff's damages that are described in this Original Petition.

39. Because Travelers' collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Travelers having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Travelers having intentionally committed such conduct.

40. As a result of Travelers' unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Oklahoma Statutes, Title 12, § 936 and Oklahoma Consumer Protection Act. As § 761.1(c), as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

EXHIBIT 3

## VIOLATIONS OF OKLAHOMA INSURANCE CODE

41.   Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.   Travelers' actions constitute violations of the Oklahoma Insurance Code, including but not limited to, Title 36, § 1250.1 - 1250.6. Specifically, Travelers engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

    a.   Failing to fully disclose to first party claimants, benefits, coverages, or other provisions of any insurance policy or insurance contract when the benefits, coverages or other provisions are pertinent to a claim;

    b.   Knowingly misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue;

    c.   Failing to adopt and implement reasonable standards for prompt investigations of claims arising under its insurance policies or insurance contracts;

    d.   Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

    e.   Denying a claim for failure to exhibit the property without proof of demand and unfounded refusal by a claimant to do so;

    f.   Except where there is a time limit specified in the policy, making statements, written or otherwise, which require a claimant to give written notice of loss or proof of loss within a specified time limit and which seek to relieve the company of its obligations if the time limit is not complied with unless the failure to comply with the time limit prejudices the rights of an insurer; and

    g.   Requesting a claimant to sign a release that extends beyond the subject matter that gave rise to the claim payment.

EXHIBIT 3

43. Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Travelers, and Plaintiff relied upon these unfair or deceptive acts or practices by Travelers to its detriment.

44. As a direct and proximate result of Travelers's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which it now sues.

45. As a result of Travelers' unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 761.1(c) of the Oklahoma Consumer Protection Act and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## BREACH OF THE COMMON-LAW DUTY OF GOOD FAITH AND FAIR DEALING

46. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

47. In *Christian v. American Home Assur. Co.*, 577 P.2d 899, 1977 Okla. 141 (1977), the Supreme Court of Oklahoma held an insurer has an implied duty to deal fairly and act in good faith with its insured.

48. By its acts, omissions, failures and conduct, Travelers has breached this common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

EXHIBIT 3

49. Travelers has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Travelers knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Travelers is a proximate cause of Plaintiff's damages.

## BREACH OF FIDUCIARY DUTY

50. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51. Travelers had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff. As a result, Travelers owed a duty of good faith and fair dealing to Plaintiff. Travelers breached that fiduciary in that:

   a. The transaction was not fair and equitable to Plaintiff;

   b. Travelers did not make reasonable use of the confidence that Plaintiff placed upon it;

   c. Travelers did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

   d. Travelers did not place the interests of Plaintiff before its own, and Travelers used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

   e. Travelers placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

   f. Travelers did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52. Travelers is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Travelers's conduct.

EXHIBIT 3

## UNFAIR INSURANCE PRACTICES

53. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Travelers has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Oklahoma Statutes, Title 15, Chapter 20, § 753.20 and Title 36 of the Oklahoma Insurance Code.

55. Such violations include, without limitation, all the conduct described in this Original Petition, plus Travelers' failure to properly investigate Plaintiff's claim. Plaintiff also includes Travelers' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Travelers' failure to pay for the proper repair of Plaintiff's Property, as to which Travelers' liability had become reasonably clear.

56. Additional violations include Travelers' hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, results-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims. Plaintiff further includes Travelers' failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Travelers' misrepresentations of coverage under the subject insurance policy. Specifically, Travelers is also guilty of the following unfair insurance practices:

   a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

   b. Engaging in unfair claims settlement practices;

   c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

EXHIBIT 3

  d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Travelers' liability had become reasonably clear;

  e. Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

  f. Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

  g. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57. Travelers has also violated the Oklahoma Insurance Code and Oklahoma common law when it breached its duty of good faith and fair dealing. Travelers' conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## MISREPRESENTATION

58. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59. Travelers is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Travelers did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to its detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Travelers is liable for these actual consequential and penalty-based damages.

EXHIBIT 3

## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61. Plaintiff would show that Travelers perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in her injuries and damages. Alternatively, Travelers fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62. Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63. By reason of Plaintiff's reliance on Travelers' fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which it now sues.

64. Plaintiff further alleges that because Travelers knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Travelers, and constitute conduct for which the law allows the imposition of exemplary damages.

65. In this regard, Plaintiff will show that it has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66. Accordingly, Plaintiff requests that penalty damages be awarded against Travelers in a sum in excess of the minimum jurisdictional limits of this Court.

EXHIBIT 3

## WAIVER AND ESTOPPEL

67. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68. Travelers has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

69. Travelers' acts have been the producing and/or proximate cause of damage to Plaintiff and seeks an amount in excess of the minimum jurisdictional limits of this Court.

## ADDITIONAL DAMAGES & PENALTIES

70. Travelers' conduct was committed knowingly and intentionally. Accordingly, Travelers is liable for additional damages under the OCPA, section 761.1(c), as well as all operative provisions of the Oklahoma Insurance Code. Plaintiff is, thus, clearly entitled to the civil penalty damages allowed by the aforementioned section of the OCPA.

## ATTORNEY FEES

71. In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Oklahoma Statutes, Title 12, § 936, and section 761.1(c) of the Oklahoma Consumer Protection Act.

## JURY DEMAND

72. Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

EXHIBIT 3

## CONCLUSION

73. Plaintiff prays that judgment be entered against Travelers Casualty Insurance Company, and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Travelers Casualty Insurance Company of America, and for all such other relief to which Plaintiff may be justly entitled.

THE VOSS LAW FIRM, P.C.

*Sherri R. Katz*

Sherri R. Katz
Okla. Bar No. 14551
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
sherri@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**