# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

EL NACIONAL DE OKLAHOMA, INC., )
)
       Plaintiff, )
)
v. ) Case No. CIV-14-728-D
)
TRAVELERS CASUALTY INSURANCE )
COMPANY OF AMERICA, )
)
       Defendant. )

## **O R D E R**

Before the Court is Defendant Travelers Casualty Insurance Company of America's Motion to Dismiss and Brief in Support [Doc. No. 7]. Plaintiff has filed a response [Doc. No. 15] and Defendant has filed a reply [Doc. No. 17]. Also before the Court is Defendant's Motion for Leave to File Amended Notice of Removal [Doc. No. 12].

In its motion to dismiss, Defendant seeks dismissal of Plaintiff's claims alleging: (1) violations of the Oklahoma Consumer Protection Act, Petition [Doc. No. 1-3] at ¶¶ 30-40; (2) violations of the Oklahoma Unfair Claims Settlement Practices Act, Petition at ¶¶ 41-45 and 53-57; and (3) fraud by misrepresentation, Petition at ¶¶ 60-66. Defendant contends it is exempt from liability under the Oklahoma Consumer Protection Act and there is no private right of action under the Oklahoma Unfair Claims Settlement Practices Act. Defendant further contends that Plaintiff's fraud claim should be dismissed because Plaintiff has failed to plead the circumstances constituting fraud with particularity as required by Fed. R. Civ. P. 9(b).

In its response, Plaintiff concedes the claims are subject to dismissal stating that it has filed a First Amended Complaint [Doc. No. 16] and has omitted the three claims that are the subject of Defendant's motion to dismiss. Plaintiff contends, as a result, the motion to dismiss is moot.

Defendant states in its reply that it "has no objection to Plaintiff filing a First Amended Complaint," but that to the extent Plaintiff has filed the First Amended Complaint without complying with Fed. R. Civ. P. 15(a), then its motion to dismiss is not moot. *See* Reply at p. 1.

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff was required to first obtain leave of court or written consent of the opposing party prior to filing the First Amended Complaint. However, because Defendant has now stated in writing that it has no objection to the filing of the First Amended Complaint, the Court deems the First Amended Complaint to be properly filed and Plaintiff need not re-file the First Amended Complaint. Accordingly, Defendant's motion to dismiss should be denied as moot.[1]

The filing of the First Amended Complaint also renders moot Defendant's Motion for Leave to File Amended Notice of Removal [Doc. No. 12]. In the Motion, Defendant states that it "seeks to amend the Notice of Removal to set forth an additional underlying fact supporting the assertion that the amount in controversy exceeds $75,000.00 . . . ." *See id.* at p. 2, ¶ 4. However, in the First Amended Complaint Plaintiff expressly states that: "Plaintiff does not contest Defendant's contention of Federal jurisdiction nor removal to the Court pursuant to 28 U.S.C. § 1332." *See* First Amended Complaint [Doc. No. 16] at ¶ 3.

---

[1] Defendant has since filed a motion to dismiss the first amended complaint [Doc. No. 19]. Plaintiff's response time has not yet run and that motion will be addressed by separate order.

IT IS THEREFORE ORDERED that Defendant Travelers Casualty Insurance Company of America's Motion to Dismiss and Brief in Support [Doc. No. 7] is DENIED as MOOT.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Amended Notice of Removal [Doc. No. 12] is DENIED as MOOT.

IT IS SO ORDERED this 10th day of September, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE