IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EL NACIONAL DE OKLAHOMA INC., § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | CASE NO. 5:14-cv-00728-D | |
| § | | |
| TRAVELERS CASUALTY INSURANCE § | | |
| COMPANY, § | | |
| Defendant. § | JURY DEMANDED | |

**PLAINTIFF EL NACIONAL DE OKLAHOMA INC.'S SECOND AMENDED COMPLAINT**

**TO THE HONORABLE TIMOTHY D. DEGIUSTI:**

**COMES NOW** EL NACIONAL DE OKLAHOMA, INC. (hereinafter "Plaintiff"), and complains of Defendant TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA (hereinafter "Travelers"), a party already appearing before the Court. In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

**PARTIES**

1. Plaintiff El Nacional De Oklahoma, Inc. is a corporation duly registered in the State of Oklahoma.

2. Defendant Travelers Casualty Insurance Company of America is a foreign corporation engaged in the business of adjusting insurance claims in the State of Oklahoma. This includes Plaintiff's commercial policy, which applies to the subject property, and is at issue in the present case. Defendant has formally answered herein and entered an appearance for all purposes.

**JURISDICTION AND VENUE**

3. Plaintiff does not contest Defendant's contention of Federal jurisdiction nor removal to this Court pursuant to 28 U.S.C. §1332. Venue is proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Oklahoma City, in Oklahoma County, Oklahoma.

**BACKGROUND**

4. This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 304 SW 25th St., Oklahoma City, OK 73109, (the "Property"). In addition to seeking economic and penalty based damages from Travelers, Plaintiff also seeks compensation from Travelers for damages caused by improperly investigating the extensive losses associated with this case.

5. Plaintiff owns the Property.

6. Prior to the occurrence in question, Plaintiff purchased a commercial insurance policy from Travelers to cover the Property at issue in this case for a loss due to storm-related events. Plaintiff's Property suffered storm-related damage. Through its commercial policy, I-680-4B404861-ACJ-13, Plaintiff was objectively insured for the subject loss by Defendant.

7. On or around May 31, 2013, the Property suffered incredible damage due to storm related conditions.

8. In the aftermath, Plaintiff relied on Travelers to help begin the rebuilding process. By and through its commercial policy, Plaintiff was objectively insured for the subject losses in this matter.

9. Pursuant to its obligation as a policyholder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion. Moreover, its commercial policy covered Plaintiff during the time period in question.

10. Despite Plaintiff's efforts, Travelers continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

11. Moreover, Travelers has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

12. In the months following, Plaintiff provided information to Travelers, as well as provided opportunities for Travelers to inspect the Property. However, Travelers failed to conduct a fair investigation into the damage to the Property. Moreover, Travelers failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

13. Despite Travelers's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Travelers. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Travelers failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this date, Plaintiff has not received proper payment for its claim, even though notification was provided.

14. Travelers has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Travelers has furthermore failed to offer Plaintiff

adequate compensation without any explanation why full payment was not being made. Travelers did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

15.     Travelers has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Travelers in a timely manner.

16.     Travelers has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Travelers that failed to conduct a reasonable investigation.  Ultimately, Travelers performed a results-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

17.     Travelers has failed to meet its obligations under the Oklahoma Administrative Code  365:15-3-5 regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

18.     As a result of the above issues, Plaintiff did not receive the coverage for which  it had originally contracted with Travelers.  Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

19.     In addition, Travelers has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.  As indicated below, Plaintiff seeks relief under Oklahoma common law, the Oklahoma Insurance Code and the Oklahoma Administrative Code.

## CONDITIONS PRECEDENT

20. All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

21. All acts by Travelers were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Travelers and/or were completed in its normal and routine course and scope of employment with Travelers.

## CLAIMS AGAINST DEFENDANT

22. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### BREACH OF CONTRACT

23. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

24. According to the policy that Plaintiff purchased, Travelers had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

25. As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

26. Despite objective evidence of such damages, Travelers has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## B.
## BREACH OF THE COMMON-LAW DUTY OF GOOD FAITH AND FAIR DEALING

27. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

28. In *Christian v. American Home Assur. Co.*, 577 P.2d 899, 1977 Okla. 141 (1977), the Supreme Court of Oklahoma held an insurer has an implied duty to deal fairly and act in good faith with its insured.

29. By its acts, omissions, failures and conduct, Travelers has breached this common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

30. Travelers has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Travelers knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Travelers is a proximate cause of Plaintiff's damages.

## C.
## BREACH OF FIDUCIARY DUTY

31. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

32. Travelers had a fiduciary relationship, OR in the alternative, a relationship of trust and confidence with Plaintiff. As a result, Travelers owed a duty of good faith and fair dealing to Plaintiff. Travelers breached that fiduciary in that:

    a.    The transaction was not fair and equitable to Plaintiff;

    b.    Travelers did not make reasonable use of the confidence that Plaintiff placed upon it;

    c.    Travelers did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

    d.    Travelers did not place the interests of Plaintiff before its own, and Travelers used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

    e.    Travelers placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

    f.    Travelers did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

33.    Travelers is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Travelers's conduct.

34.    Travelers has also violated the Oklahoma Insurance Code and Oklahoma common law when it breached its duty of good faith and fair dealing. Travelers' conduct as described herein has resulted in Plaintiff's damages that are described in this First Amended Complaint.

## **WAIVER AND ESTOPPEL**

35.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

36.    Travelers has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

37. Travelers' acts have been the producing and/or proximate cause of damage to Plaintiff and seeks an amount in excess of the minimum jurisdictional limits of this Court.

## ATTORNEY FEES

38. In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Oklahoma Statute Annotated, Title 12, § 936.

## JURY DEMAND

39. Plaintiff demands a jury trial and tendered the appropriate fee.

## CONCLUSION

40. Plaintiff prays that judgment be entered against TRAVELERS CASUALTY INSURANCE COMPANY, and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Second Amended Complaint.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff EL NACIONAL DE OKLAHOMA, INC. prays it be awarded all such relief to which it is due as a result of the acts of TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*/s/ Jesse S. Corona*
Jesse S. Corona
Texas Bar No. 24082184
Western District of Oklahoma Federal Bar No. 14-115
jesse@vosslawfirm.com

**ATTORNEY-IN-CHARGE**

**OF COUNSEL:**
Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
Texas Bar No. 24032446
**THE VOSS LAW FIRM, P.C.**
26619 Interstate 45
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com

**LOCAL COUNSEL:**
David Bernstein
OBA #010207
Bernstein Law Office
P O Box 1692
Norman, OK 73070
Telephone: 405-329-1484
Facsimile:  405-329-5949
Email: dbnormanok@aol.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that, in accordance with Federal Rule of Civil Procedure 15(a), I have conferred with opposing counsel on September 26, 2014, who has indicated they are unopposed to the filing of this Second Amended Complaint.

*/s/ Jesse S. Corona*
Jesse S. Corona

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 26, 2014, a true and correct copy of the foregoing was served on all counsel of record, via the Court's electronic filing system, pursuant to Federal Rule of Civil Procedure 5(b), as follows:

Darrell W. Downs
Stratton Taylor
TAYLOR BURRAGE FOSTER MALLETT DOWNS RAMSEY & RUSSELL
P O Box 309
Claremore, OK 74018-0309
918-343-4100
Fax: 918-343-4900
ddowns@soonerlaw.com
staylor@soonerlaw.com
*<u>Via Electronic Service</u>*

**ATTORNEYS FOR DEFENDANT**

                             *s/ Jesse S. Corona*
                             Jesse S. Corona