UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1)    EL NACIONAL DE OKLAHOMA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>1)    TRAVELERS CASUALTY INSURANCE<br>       COMPANY OF AMERICA,<br><br>Defendant. | Case No. CIV-14-728-D |

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
## EXPERT WITNESSES, ROB KITTO AND KELLY SIMON

COMES NOW the Defendant, The Travelers Casualty Insurance Company of America ("Travelers"), by and through its attorneys of record, and moves the court to strike the testimony of Plaintiff's expert witnesses, Rob Kitto and Kelly Simon. In support thereof, Travelers would show this court as follows:

### INTRODUCTION

This litigation involves a coverage dispute between Plaintiff and its commercial insurance carrier arising from damages incurred from a June 10, 2013 storm. Travelers identified and paid for minor damages resulting from the storm while Plaintiff contends that its building requires significant repairs and a new roof. In its effort to support its contention of damages, Plaintiff has retained various "experts" to identify and quantify those damages. Of these, Plaintiff is relying primarily upon Tom Irmiter, a construction expert from Minnesota to opine on the cause of loss and extent of damages. Mr. Irmiter provided a Rule 26 expert report to Travelers and has been deposed. Mr. Irmiter's

1

testimony is the subject of a *Daubert* challenge. [Doc. No. 71]. Prior to Mr. Irmiter examining the building, but more than a full year after the date of loss, Plaintiff retained the services of an appraiser, Rob Kitto, and general contractor, Kelly Simon, to inspect the premises and prepare estimates of damages. Despite assurances to counsel that it would be relying upon Mr. Irmiter as its "expert" witness, Plaintiff now appears to want to introduce the testimony and "reports" of these other "experts". To this, Travelers objects.

## PROCEDURAL HISTORY OF THE CASE

1. Upon commencement of this case, and pursuant to their initial disclosure obligations, Plaintiff provided Travelers with estimates prepared, and photographs taken, by Mr. Kitto and Mr. Simon. (*Documents provided for Mr. Kitto are attached as Exhibit "1" and documents provided for Mr. Simon are attached as Exhibit "2"*).[1] To date, Plaintiff has not supplemented its production of documents for either Mr. Kitto or Mr. Simon.

2. This Court's Scheduling Order [Doc. No. 43] required Plaintiff to file its final list of expert witnesses and serve expert reports onTravelers by November 5, 2015.

3. On November 5, 2015, Plaintiff designated its expert witnesses [Doc. No. 58]. In that filing, Plaintiff specifically identified Rob Kitto and Kelly Simon as "non-retained" experts. Plaintiff did not provide Defendant with expert reports containing their opinions or otherwise complying with Fed.R.Civ.P. 26(2)(B).

4. Upon this Court's Order allowing it to file its Final Witness and Exhibit

---

[1] Photos attached to the Kitto and Simon estimates are omitted from the exhibits.

lists out of time [Doc. No. 82], Plaintiff filed its Final Witness List on March 29, 2016 [Doc. No. 84]. In this filing, Plaintiff identified Mr. Kitto and Mr. Simon as witnesses, though it did not specifically designate them as retained or non-retained expert witnesses.

5. On April 6, 2016, Travelers filed its Objections to Plaintiff's Final Witness List [Doc. No. 87] wherein it objected to Mr. Simon and Mr. Kitto on the bases that neither had provided expert reports and that Plaintiff's counsel represented that it would be utilizing Tom Irmiter as its expert witness at the trial of this matter. In regards to Mr. Simon, Travelers also objected because Mr. Simon refused to comply with a duly authorized and served subpoena duces tecum.

6. On April 26, 2016, the parties submitted their Final Pretrial Report. [Doc. No. 88]. In that report, Plaintiff listed Rob Kitto and Kelly Simon as potential expert witnesses, and described their testimony as follows:

| Rob Kitto<br>K-2 Consulting and Services, LLC<br>450 Overlook Drive<br>Friendswood, TX 77546 | Mr. Kitto is licensed adjuster and appraiser whose testimony will address all topical areas within his estimate/report, as well as the calculations and amounts contained within all materials regarding the subject property underlying the present litigation. This will include the amount of all damages claimed by Plaintiffs, claims handling procedures, as well as all construction issues regarding both the exterior and interior of the property. In addition, this testimony may address, but not be limited to, the value of services and all related matters. Mr. Kitto may, in addition, discuss all issues related to any expert estimates or reports that will be offered at trial regarding the subject property as well as all areas of inquiry within his report in this case. Finally, Mr. Kitto may offer testimony in rebuttal to any and all competing experts presented by any other party in this matter. He has not been deposed. |

| | |
|---|---|
| Kelly Simon<br>K. Simon Construction<br>27910 State Highway 249<br>Suite 102<br>Tomball, TX 77375 | Mr. Simon is licensed General Contractor whose testimony will address all topical areas within his estimate/report, as well as the calculations and amounts contained within all materials regarding the subject property underlying the present litigation. This will include the amount of all damages claimed by Plaintiffs, claims handling procedures, as well as all construction issues regarding both the exterior and interior of the property. In addition, this testimony may address, but not be limited to, the value of services and all related matters. Mr. Simon may, in addition, discuss all issues related to any expert estimates or reports that will be offered at trial regarding the subject property as well as all areas of inquiry within his report in this case. Finally, Mr. Simon may offer testimony in rebuttal to any and all competing experts presented by any other party in this matter. He has not been deposed. |

7.     In the Final Pretrial Report, Travelers duly objected to both Mr. Kitto and Mr. Simon as witnesses for failure of the Plaintiff to provide Rule 26 disclosures [Doc. No. 88, Section 4(iv)].

8.     On April 26, 2016, Travelers filed its Motions in Limine [Doc. No. 98]. In *Motion in Limine* No. 9, Travelers again objected to Mr. Kitto and Mr. Simon as witnesses for Plaintiff on the basis that they failed to provide expert reports pursuant to the requirements of Rule 26.

For purposes of clarity and to assist the Court in defining the issues, Travelers submits this Motion to supplement its objection to the testimony of Mr. Kitto and Mr. Simon.

## ARGUMENT AND AUTHORITIES

Fed.R.Civ.P. 26 specifically requires that a party disclose the identify of expert witnesses and produce "signed" expert reports to the other side. An expert report must contain:

(i) A complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) The facts or data considered by the witness in forming them;

(iii) Any exhibits that will be used to summarize or support them;

(iv) The witness's qualifications, including a list of of all publications authored in the previous 10 years;

(v) A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) A statement of the compensation to be paid for the study and testimony in the case.

Fed.R.Civ.P. 26(a)(2)(B).

Mr. Kitto performed his inspection and took photographs of the subject property on September 21, 2014. (See dates identified on Exhibit "1") This was more than one year after the claimed loss of June 30, 3013 and three months after this lawsuit was filed in state court on May 28, 2014. [Doc. 1-2, page 4 of 21]. Similarly, Mr. Simon performed an inspection (September 21, 2014) and prepared an estimate (November 5, 2014) after the date of loss and commencement of litigation. (See dates identified on Exhibit "2"). Neither witness is a non-retained expert witness as their involvement in this claim was not in connection with the underlying fact situation, but in anticipation of trial. See e.g. *Grant v. Otis Elevator Co.,* 199 F.R.D. 673 (N.D. Okla. 2001) (Fed. R. Civ. P. 26

5

(a)(2)(B)). Even so, the burden of proving whether an expert is retained or non-retained for purposes of Rule 26 disclosures is properly on Plaintiff. See, e.g., *Cinergy Commc'ns v. SBC Commc'ns, Inc.*, 2006 WL 3192544, at *3 (D.Kan. 1997); and *Morris v. Wells Fargo Bank, N.A.*, 2010 WL 2501078, at *2 (D.Col. 2010).

As retained experts, both Mr. Kitto and Mr. Simon were under an affirmative duty to provide Travelers with expert reports in compliance with Rule 26. This they did not do:

1. Neither estimate was signed by the respective witness;

2. Neither estimate contained a "complete statement of all opinions the witness will express";

3. Neither estimate contained the "reasons" for the opinions;

4. Neither estimate contained the witnesses' qualifications;

5. Neither estimate contained a list of other cases the witness has testified in;

6. Neither estimate contained a statement of compensation.

In short, neither witness provided Travelers with an expert report meeting the disclosure requirements of Rule 26. Even if one could infer certain opinions from the estimates (such as an opinion of the cost to replace/repair the items in the estimate), there are no statements relating to causation or other indicia that the estimate relates to storm damage covered under the policy. In fact, the extent of each witness's purported testimony as requested by Plaintiff in the Final Pretrial Report vastly exceeds anything one could glean from their estimates and, in the case of Mr. Kitto, photographs.

The purpose of expert witness disclosures is to allow the opposing party an

opportunity to determine the nature of their opinions and the facts underlying the same. Here, that was not done. "The consequence of failing to comply with Rule 26(a)(2) is the mandatory exclusion of the expert's testimony unless the failure was substantially justified or is harmless." *Morton v. Progressive Northern Ins. Co*., 498 Fed.Appx. 835, 839, 2012 WL 4801110 (10th Cir. 2012) (citing Fed.R.Civ.P. 37(c)(1)).

## CONCLUSION

WHEREFORE, premises considered, defendant, The Travelers Casualty Insurance Company of America, respectfully requests this Court exclude Plaintiff's proffered expert testimony and reports from Rob Kitto and Kelly Simon, and grant such other and further relief as this Court deems just and equitable.

Respectfully submitted,

**TAYLOR, FOSTER, MALLETT, DOWNS, RAMSEY & RUSSELL**, A Professional Corporation

*/s/ Darrell W. Downs, OBA #12272*
R. STRATTON TAYLOR, OBA #10142
Email: staylor@soonerlaw.com
DARRELL W. DOWNS, OBA #12272
Email: ddowns@soonerlaw.com
C. ERIC PFANSTIEL, OBA #16712
Email: epfanstiel@soonerlaw.com
400 West Fourth Street
P.O. Box 309
Claremore, Oklahoma 74018
Telephone: 918/343-4100
Facsimile: 918/343-4900
***Attorneys for Defendant***

Case 5:14-cv-00728-D   Document 101   Filed 05/10/16   Page 8 of 8

## CERTIFICATE OF SERVICE

☒ I hereby certify that on the 10th day of May, 2016, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Scott G. Hunziker
Email:  scott@vosslawfirm.com
The Voss Law Firm, P.C.
26619 Interstate 45 South
The Woodlands, TX  77380

    and

David Bernstein, OBA #010207
Email:  DBNormanOK@aol.com
Bernstein Law Firm
Bernstein Law Building
P.O. Box 1692
104 W. Gray Street
Norman, OK  73070
*Attorneys for Plaintiff*

☐ I hereby certify that on the ____ day of May, 2016, I served the attached document by U.S. Mail, postage prepaid, on the following, who are not registered participants of the ECF System:

                                               */s/ Darrell W. Downs, OBA #12272*